Filed 11/12/20  P. v. Burton CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301174 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA061291) |
| v. | |
| HARRISON LORENZO BURTON, | |
| Defendant and Appellant. | |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In March 1995, following a bench trial, the trial court convicted Harrison Lorenzo Burton (defendant) of the second degree murder of his girlfriend and sentenced him to 25 years to life in prison. The central issue at trial was not whether defendant was the killer (defendant bludgeoned his girlfriend to death, turned himself in to the police, and confessed to the killing) but whether he was sane at the time of the offense. On direct appeal, we affirmed the judgment. (*People v. Burton* (May 2, 1997, B101109 [nonpub. opn.].)

More than two decades later, in August 2019, defendant filed a Penal Code section 1170.95 petition seeking to vacate his murder conviction. The superior court summarily denied the petition. The court found defendant was not entitled to relief under section 1170.95 as a matter of law because the trial judge "did not use either the felony murder theory or the natural and probable consequence theory to convict petitioner of second degree murder."

Defendant noticed an appeal from the denial of his petition, and this court appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues. On June 16, 2020, this court advised defendant he had 30 days to personally submit any contentions or issues he wanted us to consider. We received no response.

We have examined the appellate record, although such an examination is not required (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039), and we are satisfied defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists.

## DISPOSITION

The appeal is dismissed as abandoned.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


MOOR, J.